UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**HOWARD COHAN,**

        **Plaintiff,**

v.                                      **Case No: 6:23-cv-1723-WWB-EJK**

**RFRG WATERFORD, LLC,**

        **Defendant.**

### ORDER

This cause comes before the Court on Plaintiff's Application for Clerk's Entry of Default Against Defendant, RFRG Waterford, LLC d/b/a Moe's Southwest Grill (the "Motion") (Doc. 8), filed November 1, 2023. Upon consideration, Plaintiff's Motion is due to be denied without prejudice.

    **I.    BACKGROUND**

On September 8, 2023, Plaintiff instituted this action against Defendant, RFRG Waterford, LLC, for violation of the Americans with Disabilities Act, 42 U.S.C §§ 12101–12213. (Doc. 1.) According to the Return of Service Affidavit, Plaintiff attempted to serve Defendant at its registered agent's address of 6020 Winthrop Town Centre Ave., Riverview, FL 33578, on September 28, 2023 at 10:27 a.m. (Doc. 8-1.) However, the registered against was not available. (*Id.*) On October 4, 2023, Plaintiff returned to the address and served "Courtney W the manager for Moe's Southwest grill" as "an employee of the registered agent." (*Id.*) (mistakes in original). Plaintiff

now seeks entry of a clerk's default against Defendant for its failure to appear in this case. (Doc 8.)

## II.   STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v. Florida*, 233 F. App'x 883, 885 (11th Cir. 2007) (unpublished).

## III.   DISCUSSION

As an initial matter, the Motion fails to comply with Local Rule 3.01(a) because the Motion does not include a legal memorandum as to how service was effected on Defendant. Setting that aside, Federal Rule of Civil Procedure 4(h) provides that service on a limited liability company may be perfected by giving a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h)(1)(B). A limited liability company may also be served by following state law. Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1). Under Florida law, if the limited liability company cannot be served via its registered agent after a good faith attempt, process may be served on:

> (a)   Any manager of a manager-managed domestic limited liability company or registered foreign limited liability company.
> (b)   Any member of a member-managed domestic limited liability company or registered foreign limited liability company.
> (c)   Any person listed publicly by the domestic limited liability company or registered foreign limited liability company on its latest annual report, as most recently amended.

Florida Statute § 48.062(3)(a)–(c).

Here, Plaintiff does not explain how service on ""Courtney W the manager for Moe's Southwest grill" properly effected service under either federal or state rules. Any renewed Motion should address the specific rule or statute under which Plaintiff contends service was effected.

### IV.   CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Application for Clerk's Entry of Default Against Defendant, RFRG Waterford, LLC (Doc. 8) is **DENIED WITHOUT PREJUDICE**. Plaintiff shall have **thirty days** from the date of this Order to re-serve Defendant or file an amended motion addressing the deficiencies identified herein.

**DONE** and **ORDERED** in Orlando, Florida on November 28, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE