UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**HOWARD COHAN,**

        **Plaintiff,**

v.                                                                                  Case No: 6:23-cv-1723-WWB-EJK

**RFRG WATERFORD, LLC,**

        **Defendant.**

## ORDER

This cause comes before the Court on Plaintiff's Renewed Application for Clerk's Entry of Default Against Defendant, RFRG Waterford, LLC (the "Motion") (Doc. 11), filed December 19, 2023. On January 30, 2024, the Court took the Motion under advisement to allow Plaintiff to file additional documentation supporting the Motion. (Doc. 12.) Plaintiff has done so (Doc. 13), and the Motion is now ripe for review. Upon consideration, the Motion is due to be denied.

**I.    BACKGROUND**

On September 8, 2023, Plaintiff instituted this action against Defendant, RFRG Waterford, LLC, for violation of the Americans with Disabilities Act, 42 U.S.C §§ 12101–12213. (Doc. 1.) The Court previously denied Plaintiff's application for a clerk's default against Defendant because Plaintiff had not demonstrated that Defendant had been served in accordance with federal or state law. (Doc. 9.)

On December 19, 2023, Plaintiff filed a Corrected Affidavit of Service (the "Corrected Affidavit"). (Doc. 10-1.) According to the Corrected Affidavit, Plaintiff

attempted to serve Defendant at its registered agent's address of 6020 Winthrop Town Centre Ave., Riverview, FL 33578, on September 28, 2023 at 10:37 a.m., but the registered agent was not available. (*Id.*) Thus, on October 4, 2023, Plaintiff returned to the address and served Courtney W. as Manager for RFRG Waterford, LLC. (*Id.*) At the Court's direction, Plaintiff filed supporting documentation regarding Courtney W.'s employment relationship with Defendant. (Docs. 12, 13.) Plaintiff seeks entry of a clerk's default against Defendant for its failure to appear in this case. (Doc. 11.)

## II.     STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v. Florida*, 233 F. App'x 883, 885 (11th Cir. 2007) (unpublished).

## III.    DISCUSSION

Federal Rule of Civil Procedure 4(h) provides that service on a limited liability company may be perfected by giving a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h)(1)(B). A limited liability company may also be served by following state law. Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1). Under Florida law, if the limited liability company cannot be served via its registered

agent after a good faith attempt, process may be served on:

>  (a)   Any manager of a manager-managed domestic limited liability company or registered foreign limited liability company.
>
>  (b)   Any member of a member-managed domestic limited liability company or registered foreign limited liability company.
>
>  (c)   Any person listed publicly by the domestic limited liability company or registered foreign limited liability company on its latest annual report, as most recently amended.

Fla. Stat. § 48.062(3)(a)–(c).

According to Florida's Division of Corporations, Defendant's registered agent is Anthony Friel. (Doc. 13-3.) He is also the sole member manager of Defendant. (*Id.*) The address for Mr. Friel, as registered agent, is listed as 6020 Winthrop Town Centre Ave, Riverview, FL 33578. (*Id.*) On September 28, 2023 at 10:37 a.m., Plaintiff made a good faith attempt to serve the registered agent, Mr. Friel, at that address, but he was not present at the designated time and place as required by Florida Statute. (Docs. 11-1 at 1; 13 at 3; Fla. Stat. § 48.091(3) (requiring, in part, that a domestic LLC "keep the designated registered office open from at least 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays"). Thus, Plaintiff returned to the address on October 4, 2023 at 1:06 p.m., and served a person named "Courtney W." (Docs. 11-1 at 1; 13 at 3.) Specifically, she "identified herself as a manager for Moe's Southwest Grill and an employee of the Registered Agent, Antony Friel, who is the sole member manager of RFRG WATERFORD LLC." (Doc. 13 at 3.)

Florida Statutes provide that "[a] person attempting to serve process pursuant to this section on a natural person, if the natural person is temporarily absent from his or her office, may serve the process during the first attempt at service on any employee of such natural person." Fla. Stat. § 48.091(4). Here, the second attempt at service was outside the "10 a.m. to 12 noon" timeframe established by statute for serving an entity's registered agent, and the Affidavit of Service does not specify whether Mr. Friel was absent on the second attempt at service. Because the undersigned must interpret service statutes strictly, Plaintiff has not provided enough evidence, at this stage, to obtain a clerk's default. *Perez v. Daniella's ALF LLC*, No. 8:21-CV-714-CEH-CPT, 2022 WL 4182547, at *3 (M.D. Fla. Sept. 13, 2022).

From Plaintiff's Motion, it appears he contends that service was effectuated on Defendant pursuant to Florida Statute 48.062(3)(a), because Courtney W. is a manager for Defendant. (Doc. 11 at 3.) But Plaintiff cited evidence from the Division of Corporations that Mr. Friel was the only manager of Defendant. Therefore, this argument is not persuasive.

## IV.   CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Renewed Application for Clerk's Entry of Default Against Defendant, RFRG Waterford, LLC (Doc. 11) is **DENIED**. Plaintiff may **have through and including April 1, 2024**, to re-serve Defendant.

**DONE** and **ORDERED** in Orlando, Florida on March 1, 2024.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE